## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFFAELINA ESPOSITO and<br>FERDINANDO ESPOSITO<br>420 Hancock St.<br>South Plainfield, NJ 07080<br><br>v.<br><br>LEHIGH VALLEY GYMNASTICS<br>ACADEMY, INC., d/b/a PARKETTES<br>NATIONAL GYMNASTICS<br>TRAINING CENTER<br>401 Martin Luther King Jr. Dr.<br>Allentown, PA   18102<br><br>and,<br><br>PARKETTES NATIONAL GYMNASTICS<br>TRAINING CENTER<br>401 Martin Luther King Jr. Dr.<br>Allentown, PA   18102 | No.: |

## <u>COMPLAINT - CIVIL ACTION</u>

### PARTIES

1.      Plaintiffs Raffaelina and Ferdinando Esposito are adult individuals residing at 420 Hancock Street, South Plainfield, New Jersey.

2.      Defendant Lehigh Valley Gymnastics Academy, Inc., is a corporate entity existing under the laws of the Commonwealth of Pennsylvania and does business as Parkettes National Gymnastics Training Center at 401 Martin Luther King Jr. Drive, Allentown PA.

3.      Defendant Parkettes National Gymnastics Training Center is a business entity and a gymnastics training center at 401 Martin Luther King Jr. Drive, Allentown PA.

4.     Upon information and belief, Defendant Academy owned and operated Parkettes National Gymnastics Training Center and they will be collectively referred to as "Parkettes."

## JURISDICTION AND VENUE

5.     This court has jurisdiction of this action pursuant to 28 U.S.C.A. §1332 in that the Plaintiffs and Defendants are citizens of diverse states.

6.     The amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

7.     Venue is proper under 28 U.S.C.A. §1391 in that the events or omissions giving rise to this claim occurred in Allentown, Lehigh County, Pennsylvania.

## JURY DEMAND

8.     Plaintiffs demand Trial by Jury on all issues.

## FACTS

9.     On or about April 26, 2015, Plaintiff Raffaelina Esposito was a patron of Parkettes and was on site to watch her granddaughter compete in the Region 10 Championship and had paid an admission fee.

10.     After Mrs. Esposito entered the gym, she tripped over a mat which jutted into the walkway area.

11.     After tripping on the mat, Mrs. Esposito fell sustaining serious and permanent injuries.

12.     Defendant Parkettes was negligent in bringing about Plaintiff's injury in that it:

(a)     placed the mat in such a way as to create a tripping hazard for patrons;

(b)     failed to warn patrons of the presence of the mat or otherwise draw attention to its presence;

(c)     failed to place a sign or incorporate a warning device, lighting, or other method to bring attention to the mat;

(d)     failed to properly control the flow of spectators in such a way as to create a cluster of people entering the building which would lessen the ability of patrons to see the mat ahead;

(e)     failed to properly control and direct spectators to avoid the mat and tripping hazards;

(f)     failed to correct a hazardous condition in its gymnasium despite actual or constructive knowledge of that condition;

(g)     failed to properly monitor and control the movement of people in and around the gym;

(h)     scheduled events too close together to cause over-crowding when one event's patrons were still in attendance when the next event's crowd began to arrive;

(i)     was otherwise negligent.

13.     As a result of the negligence of the Defendants, Mrs. Esposito sustained serious physical injuries including but not limited to fractures of the wrist, nerve damage, other physical injury, surgeries, scarring, pain, suffering, loss of life's pleasures, mental anguish, humiliation and embarrassment.

14.     As a factual and proximate result of the negligence of the Defendants, Mrs. Esposito has sustained medical expenses to treat her injuries.

15.     As a further factual and proximate result of the negligence of the Defendants, Mrs. Esposito has been prevented from attending to her usual duties, activities and avocations to her great loss, financial and otherwise, and she may continue to suffer the same for an indefinite time in the future.

16.     As a further factual and proximate cause of the negligence of the Defendants, Ferdinando Esposito, the husband of Raffaelina, has suffered a loss of his wife's consortium, society and services.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against the Defendants in an amount in excess of $100,000, together with costs, interest and delay damages as the Court deems allowed.

NEIL DURKIN LAW OFFICE, LLC

Neil E. Durkin
*Attorney for the Plaintiff*
601 Longwood Avenue
Cherry Hill, NJ 08002
(856) 330-0281
Fax (856) 662-5682